NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0289n.06

No. 09-5520

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
May 12, 2010
LEONARD GREEN, Clerk

HESCO PARTS CORPORATION LLC,              )
                                          )        ON APPEAL FROM THE
        *Plaintiff-Appellant*,            )        UNITED STATES DISTRICT
                                          )        COURT FOR THE WESTERN
v.                                        )        DISTRICT OF KENTUCKY
                                          )
FORD MOTOR COMPANY,                       )        **O P I N I O N**
                                          )
        *Defendant-Appellee*.             )

BEFORE:    KENNEDY and COLE, Circuit Judges, and JORDAN, District Judge.[*]

**COLE, Circuit Judge.**  Plaintiff-Appellant Hesco Parts Corporation LLC ("Hesco") filed

a complaint against Defendant-Appellee Ford Motor Company ("Ford") under diversity jurisdiction

in federal district court alleging claims of (1) breach of contract; (2) breach of implied covenants of

good faith and fair dealing; (3) unjust enrichment and quantum meruit; (4) promissory estoppel; (5)

fraud and equitable estoppel; and (6) tortious interference with a contract and prospective economic

advantage.  The district court issued an order granting Ford summary judgment on all of Hesco's

claims, from which Hesco appeals.  We **AFFIRM** the district court's judgment.

We review de novo a district court's grant of summary judgment.  *Barrett v. Whirlpool

Corp.*, 556 F.3d 502, 511 (6th Cir. 2009).  Summary judgment is appropriate "if the pleadings, the

---

[*]The Honorable R. Leon Jordan, United States District Judge for the Eastern District of
Tennessee, sitting by designation.

discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When reviewing a grant of summary judgment, this Court construes factual evidence in the light most favorable to the non-moving party and makes all reasonable inferences in that party's favor. *Barrett*, 556 F.3d at 511; *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The central issue in considering a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). "The availability of summary judgment in diversity actions is governed by the federal standard, . . . rather than by state law." *Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 374 (6th Cir. 2009). Further, in diversity cases, we review de novo a district court's determination of state law. *Andrews v. Columbia Gas Transmission Corp.*, 544 F.3d 618, 624 (6th Cir. 2008).

Hesco is a former remanufacturer and distributor of auto parts for Ford. Hesco's claims arise out of a series of contracts between Hesco, Ford, and Visteon Corporation, which was a division of Ford until 2000. There are four contracts central to this appeal: (1) a 1995 agreement between Hesco and Ford that established Hesco as a Ford Authorized Remanufacturer and a distributor of Ford products ("1995 FAR Agreement"); (2) a 1998 agreement between Hesco and Ford that established Hesco as a Ford Authorized Distributor ("1998 FAD Agreement"); (3) a 1998 supply agreement between Hesco and Visteon, executed when Visteon was still a division of Ford, and which established Hesco as a remanufacturer of alternators and starters for Visteon ("1998 Supply Agreement"); and (4) a 2002 agreement between Hesco and Visteon (after Visteon had been spun

off as an independent entity), under which Hesco distributed heating and climate control parts manufactured by Visteon.

Hesco's breach of contract claims concern the 1995 FAR Agreement and the 1998 FAD Agreement. Hesco argues that Ford breached the 1995 FAR Agreement by serially deauthorizing product lines rather than formally terminating the contract under the termination provision. Hesco argues that Ford breached the 1998 FAD Agreement by forcing Hesco to choose between distributing only Motortrend or only Powertrain products, rather than both. The district court concluded that both contracts clearly and unambiguously authorized Ford to carry out product and product-line deauthorizations, and the court therefore granted Ford summary judgment on Hesco's contract claims. Hesco's claims that Ford breached implied covenants of good faith and fair dealing rest on the same factual allegations. The district court concluded that these claims also failed as a matter of law because Ford was exercising its express contractual rights in deauthorizing products and the exercise of express contractual rights cannot give rise to a breach of good faith and fair dealing.

Hesco's unjust enrichment and quantum meruit claims rest on allegations that Ford surreptitiously took remanufacturing "know-how" from Hesco without compensation. The claims are rooted in a provision in the 1998 supply agreement which stated that Hesco and Visteon were negotiating terms whereby Hesco would provide Visteon with assistance in launching a Visteon remanufacturing facility, but which also stated that specifics regarding compensation and what services Hesco would provide would be set forth in an appendix to the contract "[t]o the extent that [the parties] determine[d] specifics." (R.E. 194, Attachment #122 (Exhibit 112), at 4.) The district court determined that Hesco's unjust enrichment and quantum meruit claims failed because the

provision was not a definite promise but simply a statement that Hesco would be compensated for any such assistance to the extent the parties agreed upon specifics and memorialized their agreement. Further, the court concluded that an implied-contract claim is not available when the subject matter of the claim was specifically provided for in an actual contract.[1]  On appeal, Hesco's promissory estoppel claim rests entirely on the same allegations as its unjust enrichment and quantum meruit. The district court determined that this claim failed because Hesco and Visteon never reached a final agreement on these terms and there was no definite promise by Ford to compensate Hesco.

Hesco's fraud and equitable estoppel claims are based on allegations that Ford concealed a scheme to stop doing business with Hesco while making misrepresentations to Hesco about their future remanufacturing relationship.  The district court determined that all of the alleged misrepresentations documented by Hesco dealt with future events and thus could not serve as grounds for a cognizable fraud claim or Hesco's related equitable estoppel claim.

Finally, Hesco alleges that Ford inappropriately interfered with the distribution arrangement between Hesco and Visteon that lasted from 2002 to 2003, after Visteon had been spun off as an independent entity.  The district court concluded that Hesco's claims for tortious interference failed because Hesco did not have a valid contract or business expectancy with Visteon at the time Visteon ended its relationship with Hesco.  Further, Hesco had not put forth sufficient evidence that Ford's

---

[1]In addition, the district court determined that this provision was eliminated from what became the final, integrated, and executed version of the supply agreement between Hesco and Visteon.  While the provision in the earlier draft was more specific in that it stated that the potential remanufacturing facility would be located in Mexico, the final agreement retained the same, basic terms.  However, this is of no moment because Hesco's claims still fail, for the other reasons stated in the district court's opinion.

interference was improper.

After carefully reviewing the record, the applicable law, and the parties' briefs, we conclude that the district court was correct in its conclusion that Ford was entitled to summary judgment on all of Hesco's claims. As the district court's opinion correctly sets out the law governing the issues raised and clearly articulates the reasons underlying its decision, issuance of a full written opinion by this Court would serve no useful purpose. Accordingly, for the reasons stated in the district court's memorandum opinion, we **AFFIRM**.